THE PEOPLE ex rel. JAMES B. JERMAIN, Respondent, *v.* FRANCIS S. THAYER, Auditor, etc., Appellant.

Under the provisions of the act of 1870 (chap. 321, Laws of 1870), conferring upon the Canal Appraisers jurisdiction to hear and determine claims against the State for damages sustained from the canals of the State, or from the act of an officer having charge thereof, the appraisers had jurisdiction to hear and determine a claim of the character specified, however old, if presented and filed within the time prescribed by the act.

If, thus having jurisdiction, they erred in exercising it, and allowed a claim to which a good defence on the part of the State existed, their award is binding until reversed, and the auditor of the canal department has no authority to refuse payment.

Upon application for a mandamus to compel the auditor to issue his draft in payment of an award made by the appraisers, it was objected that when a portion of the evidence upon the claim was taken, but one of the appraisers was present. *Held*, that this objection did not go to the jurisdiction of the appraisers, or the validity of the award ; also, that, under the provision of said act (§ 3) requiring the board of appraisers to provide a general rule for the taking of evidence where the witness shall not be examined orally before the board, a rule authorizing evidence to be taken by one of their number in the absence of the others would be proper and valid ; and that it was to be presumed that such a rule was made.

(Argued November 24, 1875; decided December 7, 1875.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, affirming an order of Special Term granting a peremptory writ of mandamus

requiring the defendant as auditor of the canal department to issue his warrant for the payment of an award of the canal appraisers. (Reported below, 4 Hun, 798.)

The claim upon which the award was made was for damages alleged to have been done to claimant's property prior to 1858 in the construction, alteration and repairing of the Oswego canal. It was presented under the act chapter 321, Laws of 1870, and within the time prescribed by said act. The objections to the payment of the award, and the facts pertinent thereto, are sufficiently stated in the opinion.

*Charles .S. Fairchild* for the appellant. The appraisers had no jurisdiction to hear this claim as it was filed more than twelve years after the injury happened. (1 R. S. [Edm. ed.], 226, § 48; Laws 1866, chap. 836, § 5; Laws 1870, chap. 321.) The appraisers lost their jurisdiction by not pursuing the mode pointed out by law in the trial. (1 R. S. [Edm. ed.], 226, § 47; Laws of 1829, chap. 368, §§ 1, 2; Laws 1866, chap. 836, § 9.) If there was no jurisdiction no act or omission on the part of any State officer can render the award good and binding on the State. (*Coffin* v. *Tracy*, 3 Car., 129; *Germond* v. *People*, 1 Hill, 343; *Garcie* v. *Sheldon*, 3 Barb., 232; *Dudley* v. *Mayhew*, 3 N. Y., 9; *People* v. *N. Y. Mar. Ct.*, 3 Abb. Pr., 309.)

*George W. Miller* for the respondent. The claim was not barred by the statutes. (Laws 1870, chap. 321, § 1; Annual Report Canal Appraisers, 1871, p. 8; Auditor's Report, 1875, p. 12.) That question having been passed upon by the appraisers cannot be raised in this way; it can only be reviewed in the manner pointed out by statute. (Laws 1829, chap. 368, § 3; Chapman's Manual, 214, 215; *Dudley* v. *Mahew*, 3 Comst., 9, 15, 16; *People* v. *Betts*, 55 N. Y., 600; Laws 1840, chap. 288, § 16; 2 Lans., 368; *N. Y. and H. R. R. Co.* v. *Havemeyer*, 4 N. Y. S. C., 382; *Danforth* v. *Suydam*, 4 N. Y., 68.) Two appraisers can make a valid award. (Chapman's Manual, 208, § 439; *Case of*

350          PEOPLE ex rel. JERMAIN *v.* THAYER.          [Dec.,

Opinion of the Court, per EARL, J.

*Rogers*, 7 Cow., 526.) The appraisers constitute a board and prescribe their own rules. (Laws 1870, chap. 321, § 3.) The award having been regularly made in due course of law the auditor should be compelled to draw his warrant for the payment of the certificates. (*People* v. *Carrington*, 2 Lans., 368.)

EARL, J. The first objection made on behalf of the auditor to the payment of the award is, that the canal appraisers had no jurisdiction to hear the claim, as it was filed more than twelve years after the injuries were done.

The claimant, before the canal appraisers, claimed that in the location and construction of the enlarged Oswego canal, in the city of Oswego, the channel of the Oswego river was encroached upon and narrowed, and the prism of the channel reduced so as to cause a serious obstruction to the flow of water, in consequence of which the water was caused to set back upon his property adjacent to the Varick canal, injuring the same, and reducing the available head of water from said canal, and the damages awarded were for injuries thus caused to his property.

Prior to 1866, so far as I can discover, there was no general law authorizing the canal appraisers to appraise such damages. At first they were authorized only to appraise damages where any lands, waters or streams were permanently appropriated by the canal commissioners to the use of the public. (1 R. S., 225, § 46.) In 1836 (Laws of that year, chap. 287, § 10), jurisdiction was conferred upon them to appraise the damages where the canal commissioners had for temporary purposes occupied any lands, waters or streams. And these two laws specified all the cases in which they had authority to appraise damages, except when lands were overflowed by the erection of a dam on any river or stream connected with the public works (Laws of 1830, chap. 293, § 1), and except when damages were claimed for being deprived of a bridge over the canal. (Laws of 1839, chap. 207, as amended by chap. 372, Laws of 1840.) In 1866 (chap. 836)

it was provided that every person interested in premises appro-
priated for the use of the canals, and "every person who·
shall claim to have sustained damages by reason of the tem-
porary appropriation of his lands or waters, or any injury
caused by the canals of this State, or the works connected
therewith, if he intend to claim such damages, shall, within
one year after such premises, lands or waters have been taken,
permanently appropriated or temporarily occupied, and
within one year after jurisdiction shall be conferred upon the
canal appraisers by the legislature, to hear such other injury,
file in the office of the canal appraisers a detailed statement
of his claim," etc.   It will be seen that this statute conferred
no new jurisdiction upon the appraisers.   It gave no author-
ity to hear claims for injuries to lands not taken or appropri-
ated.   Such claims were not to be heard until jurisdiction to
hear them was conferred upon the appraisers by some other
act of the legislature.

Such were the laws and such the jurisdiction of the apprais-
ers prior to 1870.   And it appears that they had no authority
to hear and award upon such claims as were presented
by the relator in this case.   But whether they had or not it
is not necessary to determine in this case.   For in that year
(Laws of 1870, chap. 321), jurisdiction was granted to the
appraisers "to hear and determine all claims against the
State of any and all persons and corporations for damages
alleged to have been sustained by them from the canals of
the State or from their use and management, or resulting or
arising from the negligence or conduct of any officer of the
State having charge thereof, or resulting or arising from any
accident or other matter or thing connected with the canals."
It was, however, provided that no award should be made
unless the facts proved should make out a case "which would
create a legal liability against the State were the same estab-
lished in evidence in a court of justice against an individual
or corporation;" and that in such cases the appraisers should
award to the claimant such sum as should be just and equit-
able; subject, however, to the right of appeal in all cases to

the canal board in the manner provided by law. There was a further provision that claims under the act should be filed within two years from the time the damages occurred unless they had occurred more than one year prior to the passage of the act in which case they were to be filed within one year after its passage.

The claim in this case was filed under this act within the time specified therein. I can perceive no reasonable ground for arguing that it was not one of the claims which the appraisers were authorized under the act to hear. It was a claim for damages occasioned by the location and construction of the enlarged Oswego canal, and jurisdiction to hear such a claim was, first conferred by this act. It matters not how old the claim was; provided it was presented and filed within the year, the appraisers had jurisdiction to hear it. It is not necessary for us to decide whether, under the act, the appraisers were bound to disregard the statute of limitations and allow all claims, without reference to their age, for which if presented against an individual there would have been a legal liability; for the reason, having jurisdiction, if they erred in exercising it, and allowed a claim to which a good defence on the part of the State existed, their decision might have been erroneous, but their award would not have been void. The canal commissioners could have appealed to the canal board and had the error corrected, but the auditor could not refuse payment, so long as the award remained unreversed. Like the judgment of a court, its validity could not be attacked collaterally.

Another objection is made, that on two days when evidence upon the claim was taken but one of the canal appraisers was present, and that the award was finally made by the other two appraisers, he dissenting. This objection does not go to the jurisdiction of the appraisers or validity of the award. There is no allegation that all the appraisers did not consider all the evidence taken; and they certify that they made a personal examination of the premises alleged to be damaged as they were bound to under the law. (Laws of 1829, chap.

368.) There is no allegation that there was not sufficient evidence considered by all the appraisers to authorize the award. And the evidence thus taken may have been read before all the appraisers by counsel, and the irregularity, if one, may have been waived in some other way. But a complete answer to this objection is that there is no law requiring the evidence to be taken before all the appraisers or a majority of them. Section 3, of the act of 1870, provides that the board of canal appraisers " shall provide a general rule for the taking of evidence when the witness shall not be examined orally before said board and for reducing to writing and preserving said evidence when taken." Under this provision a rule could be made, and we must presume was made, authorizing evidence to be taken by one of the appraisers in the absence of the others.

The order must be affirmed, with costs.

All concur; except ALLEN, J., not voting.

Order affirmed.