GEORGE MARK et al., Appellants, *v.* THE STATE OF NEW YORK, Respondent.

Where persons, whose lands were taken for canal purposes, at the time the provision of the Revised Statutes (1 R. S. 225, § 48) was in force, requiring every person interested in lands so appropriated, if he intended to

make any claim for damages, to do so within one year after the taking, omitted to make a claim within the time specified,— *Held,* that they thereby waived all right of damages ; and that the State became vested with a full and perfect title free from any claim or right existing in the owners.

Also *held,* that the right so acquired by the State was not canceled, or the right of the owners to damages revived by the act of 1870 (Chap. 321, Laws of 1870), conferring upon the canal appraisers jurisdiction to "hear and determine all claims against the State, * * * for damages alleged to have been sustained * * from the canals of the State, or from their use and management ; " that the claims mentioned in the act were of a different character from those provided for by the said provision of the Revised Statutes.

*People, ex rel. Jermain,* v. *Thayer* (14 Hun, 798 ; 63 N. Y. 348), distinguished.

Plaintiffs claimed that under said act of 1870, they were entitled to damages for the impairment of a ferry right, caused by the original taking. *Held* untenable ; as such impairment was but an incident of the appropriation, and constituted a portion of the damages, and could not be presented as a separate and distinct claim.

(Argued December 4, 1884 ; decided January 20, 1885.)

APPEAL, pursuant to chapter 205, Laws of 1883, § 10, from a decision of the board of claims, awarding " nothing " to the appellants upon a claim presented by them for lands appropriated by the State in 1854 for canal purposes, and for injuries to certain ferry rights· belonging to them, caused by such appropriation.

The facts, so far as material, appear in the opinion.

*Charles E. Patterson* for appellants.  A subsequent statute not repugnant to a prior statute in all or any of its provisions, perhaps more comprehensive and perhaps varying more in verbiage than in meaning, but plainly intended to prescribe the only rule governing the cases provided for, repeals the prior one. (*Dexter, etc., Co.* v. *Allen,* 5 Barb. 115 ; *Daviess* v. *Fairbairn,* 3 How. [U. S.] 644 ; *Heckmann* v. *Pinkney,* 81 N. Y. 211 ; *Birdsall* v. *State,* Proceedings of the Canal Board for 1882, 76, 79 ; id. 1880, 133, 137, 140 ; id. 1881, 312 ; *People, ex rel. Jermain,* v. *Thayer,* 4 Hun, 798.)  The act of 1870 is a remedial' statute and should be liberally construed, so as to ac-

complish and prevent a failure of the beneficial ends intended by it. (*Danforth* v. *Suydam*, 4 Comst. 66–68 ; 44 N. Y. 201 ; *Ayers* v. *Lawrence*, 59 id. 192 ; *McIntyre* v. *N. Y. C. R. R. Co.*, 37 id. 287 ; *Hudler* v. *Golden*, 36 id. 446 ; *Weed* v. *Tucker*, 19 id. 422 ; 1 Kent's Com. 455, 456 ; Potter's Dwarris on Statutes, 73 ; *Pearson* v. *Lovejoy*, 35 How. Pr. 193.) A statute of limitations has never been construed to be payment or discharge of a debt or claim for damages. At most it offers a plea which may be interposed to shield the defendant from payment of a just claim, because not prosecuted within the time prescribed by law. (*Rawl* v. *American L. Ins. Co.*, 36 Barb. 357 ; *People* v. *Canal Appraisers*, 9 id. 496 ; *Danforth* v. *Suydam*, 4 N. Y. 66.) The title of the land had not vested in the State at the time of the building of the pier thereon ; so exemption from liability only because of the lawful acts done without negligence by the State, *on its own land,* could be claimed. (*Rexford* v. *Knight*, 11 N. Y. 308 ; *Ballou* v. *Ballou*, 78 id. 325.)

*D. O'Brien,* attorney-general, for respondent. The appellants' claim was barred by their failure to exhibit a statement thereof to the canal appraisers within one year after the lands had been taken for the use of the State, and they must be deemed to have surrendered to the State their interest in the premises appropriated. (1 R. S. [1st ed.] 225, §§ 45–67.) It is not necessary that the compensation shall have been actually paid in order to make the appropriation complete. It is sufficient to satisfy the constitutional requirement, if certain and ample provision has been made by law, so that the owner can coerce payment through the judicial tribunals or otherwise, without any unreasonable or unnecessary delay. (Mills on Em. Dom. 158, § 124 ; *People* v. *Hayden*, 6 Hill, 359 ; *Ryder* v. *Striker*, 63 N. Y. 136 ; *Smith* v. *Helmer*, 7 Barb. 416 ; *Rexford* v. *Knight*, 11 N. Y. 308 ; 15 Barb. 627.) When it is not manifestly the intention of the legislature that a subsequent act shall control the provisions of a former act, the subsequent shall not be construed as having such an operation, even

though the words, taken strictly and grammatically, would repeal the former act. (Smith's Com. 879, § 757; *Canal Co.* v.  *R. R. Co.*, 4 Gill. & Johns. 6.) If the two statutes can, by a reasonable and fair construction, be read together, without conflict or inconsistency, both will be upheld. (*Chamberlain* v. *Chamberlain*, 43 N. Y. 421; *Powers* v. *Shepherd*, 48 id. 540; *Staats* v. *H. R. R. R. Co.*, 4 Abb. App. Dec. 287; *Mongton* v. *People*, 55 N. Y. 613.) Repeals, by implication, are disfavored, and are never allowed except where inconsistency and repugnance are plain and unavoidable, and there must be such a positive repugnancy between the provisions of the new law and the old that they cannot stand together or be consistently reconciled. (Potter's Dwarris on Statutes, 155; *McCarthy* v. *Orphan Asylum Society*, 9 Cow. 437; *Wallace* v. *Bassett*, 41 Barb. 92; *Smith* v. *People*, 47 N. Y. 330.) The earlier statute remains in force unless the later is manifestly repugnant to it or inconsistent with it; or unless the latter act takes some notice of the former, plainly indicating an intention to abrogate it. (*Brown* v. *Losee*, 5 Hill, 221; *Williams* v. *Potter*, 2 Barb. 316; 13 How. 331; *In Matter of The Evergreens*, 47 N. Y. 216.) A construction of a statute which repeals another statute should be very clear; especially when the repeal is of a part of a statute, and it seriously mars the harmony of the system. (*Hayes* v. *Simons*, 9 Barb. 260; *People* v. *Palmer*, 52 N. Y. 84.) A general law will not, in the absence of an intent, clearly manifested by its terms, be held to abrogate or change the provisions of a special law, passed for particular cases, and constituting a class for which the general laws of the State did not provide. (*Matter of D. & H. C. Co.*, 69 N. Y. 209; *People* v. *Quigg*, 59 id. 83; *Matter of Comrs. of C. Park*, 50 id. 493; *McKenna* v. *Edmundstone*, 91 id. 231; *Whipple* v. *Christian*, 80 id. 582; *Village of Deposit* v. *Dail*, 5 Hun, 310; *Matter of John W. Wacher*, 2 How. 352.) Two statutes shall stand together and both have effect if possible, and all acts *in pari materia* should be taken together as if they were one law. (*Powers* v. *Sheperd*, 48 N.

Y. 402; *Matter of Curser*, 89 id. 402 ; *McCarthy* v. *Orphan Asylum*, *supra*.)

MILLER, J.   The claim of the appellants depends upon the construction to be placed upon certain provisions of law relating to the appraisal and payment of damages to the owners of lands, waters or streams appropriated for canal purposes, and for other damages sustained from the canals by reason of their use and management, or for the negligence or conduct of the State officers having charge thereof, or resulting or arising from any accident or other matter or thing in connection with the canals.

The lands, in reference to which damages are claimed, were taken for canal purposes in 1854.   At that time the statute (1 R. S. [7th ed.] 642), after making provision for the appraisal of damages for lands appropriated for canal purposes, by section 48 declares : " Every person interested in the premises so appropriated, if he intends to make any claim for damages, shall, within one year after such premises shall have been taken for the use of the State, exhibit to the appraisers a statement of his claim in writing, signed by himself, his guardian or agent, and specifying the nature and extent of his interest in the premises appropriated, and the amount of damage ; and every person refusing or neglecting to exhibit such claim within the time prescribed shall be deemed to have surrendered to the State his interest in the premises so appropriated." No claim was ever presented for the damages now claimed, as prescribed by the section cited, and the owners of the land taken, having failed to exhibit their demand within the time provided, must be deemed to have surrendered to the State their interest in the same.   Their neglect and omission to exhibit such claim was a waiver of all right to damages against the State, and the State became thereby vested with a full and perfect title to the land, free from any claim or right existing in the owners thereof at the time it was taken.   Not only were they divested of their title to the land taken, but of all right to damages arising as an incident to the taking of the same.

The effect of the limitation in section 48, that the claim must be presented within one year, evidently was to prevent its presentation after the expiration of the time in which it was to be made, and the State occupies the same position toward the claimants as if they had voluntarily executed a release to the State of all their title to the premises, and of all claim for damages.

No pretense was made from 1855 to 1870, that any right to damages existed in favor of the appellants by reason of the taking of the lands in question, and the claim now presented arose entirely upon the provisions of chapter 321 of the Laws of 1870, and it is now insisted that the right of the State, acquired by the provisions of laws existing at the time the land was taken and held for fifteen years, has been canceled and discharged, and the original claim of the appellants revived and resuscitated and can now be enforced. We are unable to discover any valid ground upon which the interpretation of the act of 1870 contended for can be sustained. The first section of that act provides as follows: " Jurisdiction is hereby granted to, and conferred upon, the canal appraisers to hear and determine all claims against the State of any and all persons and corporations for damages alleged to have been sustained by them from the canals of the State, or from their use and management, or resulting from the negligence or conduct of any officer of the State having charge thereof, or resulting or arising from any accident or other matter or thing connected with the canals."

The second section declares that " the claimants shall file their claims    *    *    *    within two years from the time said damages shall have accrued; but claims for damages which shall have accrued more than one year prior to the passage of this act shall be filed within one year from the date hereof. *    *    *    All acts and parts of acts inconsistent with this act are hereby repealed."

The claim of the appellants was filed within one year after the passage of this act, but is not aided thereby. The claims mentioned in the act embrace those of an entirely different

character from those which were provided for by previous enactments of law. The act conferred additional jurisdiction in regard to this new class of claims, and its effect was to increase the liability of the State in reference thereto.

The legislature intended to provide for cases of damages arising from the canals themselves, their use and management, or the negligence or conduct of canal officers, or any matter connected with the canals. These do not include damages to land, etc., which were provided for by section 46 of the Revised Statutes. The act of 1870 is independent of, and in addition to, what was contained in the Revised Statutes. The two statutes are in entire harmony. The Revised Statutes referred to relate to damages of a certain character, which are named, and the law of 1870 to an entirely different class of cases, which is also enumerated. They are manifestly consistent with each other, and there is nothing in the last-mentioned act which indicates an intention to repeal or change the former law.

Where it is intended to alter or repeal an existing statutory enactment the act itself should contain provisions to that effect, or it should be plainly manifest that such was the design, by the later act being repugnant to and inconsistent with the former. A statute may sometimes be regarded as being repealed by reason of its inconsistency with a subsequent statute and by implication; but repeals by implication are not favored in the law, and it is only in cases where the repugnancy is clear and manifest, and the two statutes cannot be reconciled or stand together, that this rule can be applied. In the case considered, the two statutes can consistently stand together, and each have effect in reference to the subject to which it relates. They both may be considered as one law, embracing separate provisions as to different classes of cases.

There is another reason why the interpretation claimed cannot be upheld, and that is, it is in conflict with the plain intention of the legislature. Looking at the various provisions of law in regard to claims of this character, it is very evident that the law of 1870 could never have been intended to revive

and bring into new life claims which had long been barred by statutory enactment, and to which there was a complete legal defense.    Independent of the consideration last suggested, it is not reasonable to suppose that the legislature designed to open the flood-gates which would let in claims of a large and perhaps incalculable amount, which the owners themselves had never presented, and which had been blotted out by lapse of time.    Such a presumption should not be indulged in reference to old and stale claims, and should only be sanctioned where the law itself clearly shows that such was the intention of the lawmakers.

The case considered is not brought within the rule, that where a later statute, not purporting to amend a former one, covers the whole subject, and was plainly intended to furnish the only law upon the subject, the former statute must be held repealed by necessary implication.    It is apparent, as we have seen, that the statute of 1870 does not cover the whole subject, and that it was not designed to furnish the whole law in reference to claims for canal damages.    There is, therefore, no ground for the contention that the later statute absorbs the former or takes its place.

The history of legislation in reference to claims for damages, arising from the taking of lands and other property for the canals or the management of the same, furnishes no ground for the supposition that by the act of 1870, the legislature intended to embrace all the cases which had been previously provided for, including those which had never been deemed of sufficient importance to be presented.    Such an inference is only to be derived from the plainest provisions of law, establishing the validity of the claims referred to and indicating a clear intention on the part of the legislature to that effect. The statute of 1870 contains no language which authorizes such an interpretation of its provisions.

The appellants' counsel claims that to affirm the decision of the court below, this court must hold that there are two statutes of limitations in reference to canal claims, one of one year and one of two years, and that even within this rule the award ap-

pealed from should be reversed as two different grounds or causes of action are presented, one for the taking of the land and the other for the impairment of a ferry and certain ferry rights, and that the latter was not within the jurisdiction of the appraisers. Conceding that the two statutes may be in force, there is no ground for the contention that the appellants have any claim for the impairment of their rights in reference to the ferry, under the statute of 1870. Such a claim was but an incident to the taking of the land at the time it was appropriated in 1854 and constituted a portion of the rights which then existed in the owners. The claim for the land and for injury to the ferry could not be divided so as to present a separate and distinct claim for each, but properly should be regarded together as constituting a single and entire claim for damages by reason of the appropriation of the land for canal purposes. When the land was surrendered, by the failure to present a claim under the statute, the ferry rights, which were incident to and formed a portion of the claim, were also given up and the title to the land free and clear of all claims became absolutely vested in the State. The rights of the claimants thus became barred, and they have not been restored by the provisions of the act of 1870.

The case of *People, ex rel. Jermain,* v. *Thayer* (4 Hun, 798; 63 N. Y. 348) did not involve the question now presented, and is not an authority which upholds the position contended for by the appellants' counsel.

Under the circumstances, the statute of limitation which is a statute of repose, and as such entitled to as much consideration as any other valid legal defense, may well be invoked, not only to enforce a strict legal right, but as a matter of justice and equity, to prevent the collection of demands, which have long been regarded as canceled and satisfied. After careful consideration, we are of the opinion that the claim of the appellants is barred by the statute of limitation.

The decision and award of the board of claims should be affirmed, with costs.

All concur.

Award affirmed.