ALLEN BENEDICT, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

The act of 1870 (Chap. 321, Laws of 1870), "providing for the appraisal of canal claims against the state," does not confer a new jurisdiction to hear claims against the state for the taking of a fee in lands or for the appropriation of a continuous and permanent easement therein for canal purposes; it was simply intended to supplement and extend existing jurisdiction by adding authority to hear and determine new cases for which existing legislation afforded no remedy.

*It seems,* the cases that fall generally within said act are for damages arising from the canals themselves, their use and mangement, or the negligence and conduct of officials in matters relating to and connected with the canals.

A claim arising out of the permanent appropriation by the state of lands or an easement therein, which will presumably continue while the canals exist, is controlled by the Revised Statutes (1 R. S. 225, §§ 46–48) or by the act of 1830 (Chap. 293, Laws of 1830).

Plaintiff claimed damages for injuries arising from the overflowing of his lands caused by a permanent dam, constructed under the act of 1864 (Chap. 151, Laws of 1864). The dam was completed August 31, 1886, and the claim presented March 29, 1871. *Held,* that the overflow of plaintiff's lands was the taking of 'a permanent easement by the state, and fell directly within the Law of 1830; that the land was appropriated when the dam was completed and the water of the river raised, and the neglect to present the claim within a year thereafter was a waiver of all right of damages against the state.

(Argued March 19, 1890; decided April 15, 1890.)

APPEAL from a decision of the board of claims made March 14, 1885, which affirmed an award of "nothing" made by the canal appraisers upon a claim for damages to lands alleged to have been sustained from the overflow thereon of the waters

of the Black river, which overflow was caused by a dam erected in said river by the State pursuant to chapter 151, Laws of 1864.

*Levi H. Brown* for appellant. Before the appraisers no objection or question was made or raised in any manner as to any informality in or of the claim filed or any defects or insufficiency thereof in or as to the allegations or want of allegations or statements therein, either in form or substance, and hence none such could be or was raised or considered in board of claims, or can be now raised or considered on this appeal, because, if raised below, that tribunal could and presumptively would have allowed an amendment or supplemental claim to obviate all such objections, the same as if in Supreme Court. (105 N. Y. 252 ; Laws of 1880, chap. 161; Laws of 1883, chap. 205, § 3; 96 N. Y. 284, 292; *Cowing* v. *Altman*, 79 N. Y. 167–169; *Knapp* v. *Simon*, 96 id. 284–292; *Coster* v. *Mayor, etc.*, 43 id. 399–404; *Bennett* v. *Whitney*, 99 id. 302–308; *Salsbury* v. *Howe*, 87 id. 128; *Harpending* v. *Munson*, 91 id. 651 ; *Cole* v. *State*, 102 id. 48–51; *Bowen* v. *State*, 108 id. 166; 103 id. 555; Laws of 1883, chap. 205, § 11; Laws of 1884, chap. 60.) The conclusion and decision of the appraisers "that the damages accrued to claimant upon the completion of said dam," August 31, 1868, was clearly error, and it was the basis of their conclusion that the claim was barred because not filed within a year from that date. (*Corkings* v. *State*, 99 N. Y. 491–499 ; *McMaster* v. *State*, 103 id. 547, 555 ; Laws of 1830, chap. 293.) The provision in section 1, chapter 293, Laws of 1830, declaring "it shall be the duty of the canal appraisers to make a just and equitable appraisement of the damages sustained" by the overflow, in effect and legislative intent confers like authority and creates the same duty as that used in section 1 of chapter 321 of the Laws of 1870, conferring authority "upon the canal appraisers to hear and determine all claims against the state, and for damages alleged to have been sustained, \* \* \* and shall award to the claimant such sum as shall be just and equitable,"

and each and both shall have like construction in that regard. (*S. M. Co.* v. *State*, 104 N. Y. 562–569 ; *Folts* v. *State*, 29 N. Y. S. R. 1 ; *Goldrick* v. *Swinburnes*, 8 id. 172 ; 55 N. Y. 661 ; 101 id. 98 ; *Baldwin* v. *Noonan*, 10 Wend. 169 ; *Reed* v *State*, 108 N. Y. 414 ; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 id. 98 ; *Morrison* v. *G. W. R. Co.*, 14 U. C. [Q. B.] 109 ; *Van Horn* v. *G. T. R. Co.*, 18 id. 356 ; 1 Redf. on Railroads [6th ed.], 595, § 133 ; *Dickson* v. *C. R. I. & P R. R. Co.*, 71 Mo. 575 ; *Roberts* v. *Read*, 16 East, 215 ; *Whitehouse* v. *Fellowes*, 10 C. B. [N. S.] 765 ; *McConnell* v *Kibbe*, 29 Ill. 483 ; 33 id. 175 ; 7 Lond. Jurist [N. S.], 809, 810.) The state has failed to express in such clear and unambiguous terms as are requisite to be used in order to substantially destroy such a vested right and legal cause of action by a bar of one year's statute of limitation, in the statute of 1830, or such as to establish " with reasonable clearness and certainty " its defense of such bar. (Laws of 1866, chap. 836 ; *Ballard* v. *Ballou*, 78 N. Y. 325 ; *Baker* v. *Johnson*, 2 Hill, 342 ; 63 N. Y. 136.)

*John W. Hogan*, Deputy Attorney-General for respondent. The claim herein, when filed, was barred by the statute of limitations, and the canal appraisers had no jurisdiction to make an award in favor of claimants. (Laws of 1830, chap. 293, §§ 1, 2, 3 ; 1 R. S. chap. 9, §§ 46, 48 ; Laws of 1866, chap. 863, § 5 ; *Marks* v. *State*, 97 N. Y. 572 ; *Stewart* v. *State*, 105 id. 254 ; *Heacock* v. *State*, Id. 246 ; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 id. 98.) The state and its officers are entitled to no less protection than a private litigant. (*People ex rel.* v. *Chapin*, 104 N. Y. 102 ; *Marks* v. *State*, 97 id. 580.)

BROWN, J. By repeated adjudications of this court it has been established that chapter 321, of the Laws of 1870, does not confer new jurisdiction to hear claims against the state for the taking of a fee in lands or for the appropriation of a continuous and permanent easement therein for canal purposes,

and that the act named was intended to supplement and extend existing jurisdiction by adding authority to hear and determine new cases for which existing legislation afforded no remedy. (*Marks* v. *State*, 97 N. Y. 572; *Heacock* v. *State*, 105 id. 246; *Stewart* v. *State*, Id. 254.)

The cases that fall generally within the act of 1870, are ones for damages arising from the canals themselves, their use and management or the negligence and conduct of canal officers in matters relating to, or connected with the canals.

If the claim is one arising out of the permanent appropriation by the state of lands, or an easement therein, and which will presumably continue while the canals exist, the land owners' remedy is controlled by the Revised Statutes (Part 1, tit. 9, chap. 9, §§ 46–48), or by the Laws of 1830 (Chap. 293.)

We think the injury for which the claimant seeks to recover was of the latter class. There is, in the claim presented, no allegation or assertion of negligence, nor is the injury one of a temporary character.

It arises from the construction of a dam across the Black river which caused a portion of the claimant's lands to be overflowed, filling the ditches and preventing drainage through them, thus keeping back the water in the soil and destroying the grass.

The construction of this dam was authorized by chapter 151, Laws of 1864, and was for the purpose of improving the navigation of Black river between the mouth of Otter creek and Carthage. The Black river at this point is a part of the canal system of the state. (Chap. 157, Laws of 1836.)

The dam was intended to be a permanent structure for the purpose of increasing the depth of water in the river, and the overflow upon the plaintiff's lands was the taking of a permanent easement by the state for the use of the canal.

The case, therefore, fell directly within the law of 1830, which provides in section 1, " when any lands are overflowed by the erection of any dam by the canal commissioners on any river or stream connected with the public works, it shall be

the duty of the canal appraisers to make a just and equitable appraisement, etc.". The claim was required to be presented within one year. (§ 2, same act; chap. 9, tit. 9, part 1, § 48; chap. 836, Laws of 1866, § 5; *Stewart* v. *State, supra.*)

There is no substantial difference between the case last cited and the one at bar. In the case cited the claimant alleged the appropriation of his lands to be permanent. In this case it is apparent that such is the fact.

The dam was completed August 31, 1868, and the claim was presented March 29, 1871.

The neglect to present the claim within one year after the construction of the dam was a waiver of all rights of damages against the state. (*Marks* v. *State, supra.*)

It is claimed that the damages were not sustained at the time of the completion of the dam and that it could not be known whether there would be any damages until the effect of the soakage upon the grass could be seen in the summer of 1869.

The statute provides that the claim must be presented " within one year after such premises shall have been taken or permanently appropriated," and we are of the opinion that the state appropriated the land when the dam was completed and the water in the river raised.

The statute was, therefore, effective against the claim on the 31st day of August, 1869.

The order should be affirmed.

All concur.

Order affirmed.