In the Matter of the Application of the CITY OF ROCHESTER, Respondent, to Acquire Certain Lands for Public Park Purposes. MARY J. McLEAN, Appellant.

*Condemnation of land for a park in the city of Rochester — a park is a "public place" within the repealing clause of the Condemnation Law — the Condemnation Law is inapplicable — a provision that the cost of the land taken shall not exceed a certain sum is not unconstitutional — what notice to owners is sufficient — what objection is not available for the first time in opposition to a motion to confirm the commissioners' report.*

A park is a " public place " within the meaning of the repealing clause contained in the Condemnation Law (Code Civ. Proc. chap. 23, tit. 1), which excepts from the operation of such repealing clause (Code Civ. Proc. § 3383) "such acts and parts of acts as prescribe a method of procedure for the condemnation of real property for public use as a highway or as a street, avenue or public place in an incorporated city or village."

Consequently, the Condemnation Law did not supersede or repeal the Park Act of the city of Rochester (Laws of 1888, chap. 193), which authorized the condemnation of property for parks in that city and prescribed the method of procedure to be followed.

In any event, section 1 of the Riley Triangle Act (Laws of 1903, chap. 354), which provides that the park commissioners of the city of Rochester were thereby authorized to acquire the title to certain specified real property, "for and on behalf of said city of Rochester for the purposes of a public park, by purchase, gift or by *condemnation proceedings* conducted under the laws now in force, prescribing the method of procedure of acquiring by the right of eminent domain, title to real estate in and near the city of Rochester for public parks," indicates that the Legislature intended that the provisions of the Park Act should be followed in condemning land under the Riley Triangle Act.

The provision in the Riley Triangle Act, that the cost of the lands acquired thereunder shall not exceed the sum of $30,000, does not render such act unconstitutional, in that it prohibits the commissioners of appraisal from awarding just compensation for the property taken. The only effect of such limitation was to prevent the city of Rochester from acquiring the property in case its value should exceed $30,000.

Notice to the affected property owners by publication in the official newspapers of the city, as prescribed in the Park Act, is sufficient to answer the requirements of the Constitution and it was not necessary that personal notice be served upon such owners.

*Semble*, that it is competent for the Legislature to declare what notice to the property owners shall be sufficient; that the notice is sufficient if it is of a kind which it is reasonably probable would apprise the party proceeded against of the proceeding and is such as would give such party an opportunity to defend.

The objection that the common council of the city did not declare its intention to take the property at its next regular meeting after the filing of the map as directed by section 4 of the Park Act, is not available, for the first time, in opposition to a motion to confirm the report of the commissioners, to a property owner whose deed had not been placed on record but who was fully conversant with the proceeding from its inception.

APPEAL by Mary J. McLean from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 7th day of December, 1903, appointing commissioners of appraisal in the above-entitled proceeding, and also from an order entered in said clerk's office on the 20th day of July, 1904, confirming the report of said commissioners and directing the payment to the appellant of the award in accordance with such report.

The proceeding was commenced on the 8th day of September, 1903, by the city of Rochester, to acquire by condemnation certain premises situate in said city, known as the Riley triangle, and were assumed to be instituted under the authority of chapter 354 of the Laws of 1903, the Riley Triangle Act, so called, and prosecuted in conformity with the provisions of the Park Act, so called, being chapter 193 of the Laws of 1888, as amended. The appellant insists that the Riley Triangle Act is unconstitutional; that the Park Act had been repealed at the time the proceedings were instituted; that in any event its provisions or requirements were not complied with, and that the court did not acquire jurisdiction of the appellant because no notice of the proceedings was served upon her or directed to her as owner of the premises. No question is raised upon this appeal as to the adequacy of the compensation awarded for the taking of the property; in fact, the evidence as to value is not contained in the record submitted to us.

*Myron T. Bly*, for the appellant.

*Chester F. Kiehel* and *W. W. Webb*, for the respondent.

McLENNAN, P. J.:

The facts are not controverted. On the 8th day of September, 1903, a map signed by the president of the park board of the city of Rochester was made, showing the property in question, and was filed in the office of the clerk of Monroe county and also in the office of the clerk of the city of Rochester, pursuant to a resolution

of the board of park commissioners, passed August 29, 1903, which requested the common council of the city of Rochester to declare by resolution that the city intends to take the land known as the "Riley Triangle" for park purposes. On the same day, to wit, September 8, 1903, the common council adopted a resolution declaring its intention to take said land, which in the resolution was particularly described, by condemnation proceedings, and also "the right, title and interest the owner or owners of the above-described premises may have in the streets adjacent thereto." The resolution so adopted was vetoed by the mayor of the city on the 16th day of September, 1903, and on the 13th day of October, 1903, the said resolution was repassed by the common council over the mayor's veto. Such resolution declaring the intention of the common council to take the premises, and in which the premises were fully described, was published in the two official papers of the city, in accordance with the provisions of the Park Act. On November 23, 1903, a notice directed "To whom it may concern" was duly published, and stated in substance that pursuant to a resolution of the common council the city had determined to take and appropriate the tract or parcel of land in question, and which was fully described therein, and they thereby gave notice of such determination, and that on the 5th day of December, 1903, the corporation counsel would apply to the Supreme Court at a Special Term for the appointment of three commissioners to ascertain and report the just compensation to be paid to the person or persons or corporation or corporations owning or having an interest in such parcel of land. Pursuant to such notice and on said date application was made for the appointment of such commissioners at a Special Term of the Supreme Court. The corporation counsel appeared for the city of Rochester and the counsel who now appears for the appellant appeared on behalf of Hector McLean. No other person appeared, and no objection being made, three commissioners were appointed by the court. The commissioners appointed thereafter took the oath of office and published a notice directed "To whom it may concern," stating in substance that they would meet at the office of the corporation counsel on the 16th day of December, 1903, at three o'clock in the afternoon of that day to enter upon their duties as such commissioners of appraisal. Such notice was duly published in the official papers. Thereafter and

on December 16, 1903, said commissioners met; the city of Rochester was represented by counsel, and Hector McLean was represented by the same counsel as before. The commissioners viewed the premises and adjourned until December 23, 1903. On that day they again met; there were the same appearances as before. The statute authorizing the condemnation of the Riley Triangle for park purposes, being chapter 354 of the Laws of 1903, was put in evidence, also the resolution of intention to take the property passed by the common council; also the resolution of the common council declaring its determination to take the property, passed November 10, 1903; also the resolution authorizing the corporation counsel to make application for the appointment of a commission; also an abstract of title of the premises, which was brought down to September 9, 1903, and which showed that Hector McLean was the owner of the premises in question. There was also put in evidence a map showing the Triangle, which was signed by the president of the park board. All these documents were offered in evidence and received without objection. Witnesses were also sworn as to the value of the property, and after hearing the evidence the commissioners made a report awarding to Hector McLean the sum of $20,800 for the premises. A motion was then made to confirm the report of the commissioners, and for the first time the appellant, Mary J. McLean, appeared and opposed the confirmation of such report. She presented an affidavit in which she stated that she was the owner in fee and in the open and quiet possession of the premises and that she became seized of such premises on the 15th day of November, 1901, by the execution and delivery to her of a deed from her father, Hector McLean, which deed was not put upon record until some time in 1904. The affidavits presented by her also showed that she, with her father, Hector McLean, and her sister, were in possession of the premises during all the times hereinbefore referred to, were residing upon them during the time that the proceedings were instituted and during the time the proceedings before the commissioners were had. Upon the affidavits so presented, through her counsel, she objected to the confirmation of the report and asked that the proceedings be dismissed upon the ground that the court did not have jurisdiction of the person of Mary J. McLean, the owner; that the court had not jurisdiction of the subject of the proceedings; that the city of Roch-

ester did not have the capacity to institute or bring the proceedings; that the proceedings were not taken according to law; that the proceedings were void, etc. After hearing counsel in support of such objection and the corporation counsel in opposition, the court at Special Term confirmed the report of the commissioners and directed that the sum awarded to Hector McLean, as owner, be paid to Mary J. McLean, it being then uncontroverted that she was the absolute owner of the premises. From the order appointing the commissioners and from the order confirming the report of the commissioners, this appeal is taken.

Chapter 193 of the Laws of 1888 created the board of park commissioners of the city of Rochester, and, among other things, authorized it to acquire property for public parks, parkways and approaches thereto, by condemnation proceedings, and provided a complete method of procedure in that regard. Such procedure is provided for in sections 4–14, both inclusive, of said act. By chapter 95 of the Laws of 1890, the Condemnation Law, so called, was enacted, which is title 1 of chapter 23 of the Code of Civil Procedure, commencing at section 3357 of said Code, as since amended. Section 3359 provides: " Whenever any person is authorized to acquire title to real property for a public use by condemnation, the proceeding for that purpose shall be taken in the manner prescribed in this title." It is urged that such Condemnation Law superseded and in effect repealed parts of the Park Act of the city of Rochester which assumed to prescribe the method of procedure in condemnation cases. It will, however, be observed that the repealing clause, section 3383 of the Code of Civil Procedure (as amd. by Laws of 1890, chap. 247), excepts " such acts and parts of acts as prescribe a method of procedure for the condemnation of real property for public use as a highway or as a street, avenue or public place in an incorporated city or village." It seems to me clear that a park is a " public place" within the meaning of that section and that, therefore, the Park Act, which authorized the condemnation of property for parks in said city, was not repealed by the Condemnation Law. But it would seem that if there was any doubt as to the proper construction to be given to the repealing section and as to the intention of the Legislature in that regard, it is set at rest by the Riley Triangle Act, being chapter 354 of the Laws of 1903, which provides:

" Section 1. The park commissioners of the city of Rochester are hereby authorized to acquire for and on behalf of said city of Rochester for the purposes of a public park, by purchase, gift or by *condemnation proceedings* conducted under the laws now in force, prescribing the method of procedure of acquiring by the right of eminent domain, title to real estate in and near the city of Rochester for public parks," the title to certain specified real property.

The language of that section clearly refers to the methods prescribed for the condemnation of property set forth in the Park Act. I think there can be no doubt, when the act of 1888, the provisions of the act to which attention has been called, and the act of 1903 are considered, that the Legislature intended that the act of 1888 should be followed by the park commissioners of the city of Rochester in acquiring property for park purposes by condemnation proceedings.

Appellant's counsel next urges that chapter 354 of the Laws of 1903 is unconstitutional because, while it authorizes the acquisition of the premises in question, to wit, the Riley Triangle, by condemnation proceedings, in accordance with the provisions of the act of 1888, it provides that the cost of said lands shall not exceed the sum of $30,000. It seems to me clear that such provision does not nullify the act by in any manner prohibiting the commissioners of appraisal from awarding the just compensation for the property taken. The only effect of the limitation is to prevent the city of Rochester from acquiring said property in case its value exceeds $30,000. It is urged that such limitation, the act having been introduced in evidence, would necessarily affect the award of the commission. As we have seen, no question is made upon this appeal that the award was inadequate. The commissioners were charged with the duty of ascertaining and reporting the value of the property, and there is nothing before us to indicate that the award made by them did not fairly represent its value. If they had found that its value was more than $30,000 the city of Rochester would have had to abandon the proceedings, but having found that it was less than the limit specified in the statute, we see no reason for holding that the limitation affected the validity of the statute or of the proceedings taken thereunder.

As we have seen, personal notice was not served upon the owners

of the premises, and we think such service was not necessary. The Legislature was competent to declare what notice would be sufficient. It has been held that a notice is sufficient if of a kind which it is reasonably probable would apprise the party proceeded against of the proceeding, and such as will give such party an opportunity to be heard. (*Matter of Union El. R. R. Co. of Brooklyn*, 112 N. Y. 61; *Matter of Mayor, etc., of City of New York*, 99 id. 570.)

We think that under those authorities the notice prescribed by the act in question complied with the requirements of the Constitution.

It is urged, however, that even if the Park Act, so called, was in force, it was not followed in this proceeding. It is objected that the common council did not declare its intention to take the property at its next regular meeting after the filing of the map, as directed by section 4 of the Park Act. It seems to me that it is a perfect answer to that criticism and to the others of like character which appellant's counsel makes, that upon the hearing before the commissioners and when the owner, as appears by the search, Hector McLean, the father of the appellant, appeared, no such objection was raised. So far as shown by the search he was the owner; he and his daughter, the appellant, resided together upon the premises; they gave evidence as to its value. A Mr. Jordan, who at all the times mentioned was the appellant's agent, was one of the witnesses called for such purpose, and no suggestion was made that any defect in the proceedings, such as is now urged, existed. As an original proposition, and especially under the circumstances of this case, it seems to me that the contention of the appellant, that the intention of the common council to acquire the premises by condemnation proceedings was prematurely declared, ought not to prevail.

There is no merit in this appeal. The notice of the proceedings was given as provided by the statute. The apparent owner, and as shown by the search, appeared by the same counsel who now appears for the appellant, raised no objection to the form or manner of procedure until after the award was made, and apparently satisfied that upon the evidence he cannot successfully maintain that such award was inadequate, he seeks to overthrow the proceeding by reason of technical objection. It is apparent that the appellant, who, it appears, was the owner of the premises, was fully conversant with

the proceedings which were had. Her father, the apparent owner, with whom she was living upon the premises, was in attendance throughout and was represented by the counsel who now represents her upon this appeal. Her agent, who then had charge of the premises, was present and gave testimony before the commissioners, and it seems to me that the appellant ought not now to be heard to object to the confirmation of the report of the commissioners upon any ground which is suggested in the brief of her counsel.

It follows that the orders appealed from should be affirmed, with costs.

All concurred.

Orders affirmed, with ten dollars costs and disbursements.