### In re BENSEL et al.

(Supreme Court, Appellate Division, Second Department. July 31, 1914.)

EMINENT DOMAIN (§ 302*)—NOMINAL AWARD TO UNKNOWN OWNERS—LIMITATIONS.

     Where, in proceedings under Laws 1905, c. 724, § 19, to acquire an easement in a public highway for the construction and maintenance of a pipe line to be used in connection with a water system, the unknown owners of unimproved lots abutting on the highway first filed their claims with the commissioners after the expiration of the three-year period prescribed by such statute, an award of nominal damages of $1 to the unknown owners was proper, though no notice was served on them, and their lots did not appear on the map which was filed, published, and posted as such statute requires.

     [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 815, 819; Dec. Dig. § 302.*]

Appeal from Special Term, Westchester County.

In the matter of the application and petition of John A. Bensel and others, Southern Aqueduct Department, Consolidated Sections Nos. 15 and 17, Parcel No. 1080. From an order of the Special Term reversing that portion of the report of the commissioners of appraisal which awarded $1 to the unknown owners for an easement, the City of New York appeals. Reversed.

See, also, 155 App. Div. 919, 140 N. Y. Supp. 1110.

Argued before BURR, THOMAS, CARR, RICH, and STAPLETON, JJ.

I. J. Beaudrias, of Yonkers, for appellant.
John M. Digney, of White Plains, for respondents.

RICH, J. The city of New York appeals from an order of the Special Term which reversed and set aside that portion of the report of the commissioners of appraisal which awarded the sum of $1 to unknown owners for an easement acquired in the northerly half of a public highway, known as the "Tarrytown Road," to construct, maintain, and use therein a pipe line and appurtenances for the purpose of cleaning and repairing a siphon connection by means of which the new Catskill aqueduct crosses said highway underneath its surface. The order appointing the commissioners is dated October 11, 1909, and their first meeting was directed to be held on December 6th fol-

---

lowing. Abutting the highway on its north side are a number of small lots, 25x100 feet, constituting part of a subdivision known as "Elmswood Park," upon some of which houses had been erected when this proceeding was instituted. The owners of the lots on which buildings had been erected filed claims with the commissioners, alleging ownership of the portion of the bed of the highway in front of their respective premises; their proofs were taken and small awards made° to them. At a meeting of the commissioners held on May 1, 1913, the owners of a number of said vacant lots appeared and presented individual claims for damages, and tendered proof of their title and the damages sustained by them, respectively. Objection was made by the corporation counsel that the claims had not been filed within three years following the appointment of commissioners, and consequently could not be considered. The objection was sustained. The map which was made and filed under the statute described that portion of the highway through which the easement was to be acquired, and upon which the lots referred to abutted, by courses and distances and designated the same as parcel No. 1080. The commissioners awarded nominal damages of one dollar to the unknown owners of all property in said parcel to whom they had not awarded damages.

Section 19 of chapter 724 of the Laws of 1905, under the provisions of which chapter this proceeding was taken, provides:

"Every owner or person in any way interested in any real estate taken or entered upon and used and occupied for the purposes contemplated by this act and 'any owner or person interested in real estate contiguous thereto and which may be affected by the construction　*　*　*　whether such contiguous real estate is shown on the maps or not, if he intends to make claim for compensation for such taking, entering upon, using or occupying, shall within three years after the appointment of the commissioners of appraisal, exhibit to the said commissioners, a statement of his claim, and shall thereupon be entitled to offer testimony and to be heard before them touching such claim and the compensation proper to be made him, and to have a determination made by such commissioners of appraisal as to the amount of such compensation. Every person neglecting or refusing to present such claim, within said time, shall be deemed to have surrendered his title or interest in such real estate or his claims for damages thereto except so far as he may be entitled as such owner or person interested to the whole or a part of the sum of money awarded by the commissioners of appraisal as a just and equitable compensation for taking, using and occupying, or as damages for affecting the real estate owned by said person, or in which said person is interested."

The learned court at Special Term held that it was the duty of the commissioners to have received the claims at their meeting of May 1, 1913, and to have taken proof of the claimed damages of the persons presenting them, and accordingly made the order from which this appeal is taken. The learned court ignores the plain requirements of section 19 of the statute, and in his opinion says:

‹ "Nominal awards should not have been made to unknown owners, when the owners themselves appeared before the commissioners with proper claims, and ready to prove their titles and damages."

This is not an adequate reason for the reversal of that portion of the report of the commissioners awarding $1 to unknown owners. They did not present a claim within the time limited by the statute,

and they were not entitled, on May 1, 1913, to have their claims or proofs received. They were "unknown owners," and the award to them as such must be sustained. The learned Special Term states that the commissioners awarded $1 for each of the lots involved, some 42 in all. This is an error. The report and award show that the award made was $1 for all damages sustained through the acquisition of the easement by the city in and through that portion of the highway described in parcel 1080. The respondents own no land described in parcel 1080, unless they own the fee of the roadbed to the center of the highway, and, if they do, the gross award to them is $1, of which each is entitled to his proportionate part.

Counsel for the respondents contends that the lots belonging to the persons he represents do not appear on the map, and that no notice was served upon them, because of which the three years' limitation does not apply. The answer to this contention is that so much of the lots, if any, as is within the roadbed is described in parcel 1080 and does appear upon the map, and the statute does not require abutting land, not taken or entered upon, to be placed upon the map or that personal or individual notice of the proceeding shall be given to any one. The map and procedure in the proceeding comply with the requirements of the statute. The map was filed, published, and posted as the statute requires, and thereby the city gave notice to all persons, interested or not, that it intended to acquire the easement in question in the north half of the highway known as the "Tarrytown Road." Whether such acquisition affected the owners of lots abutting on that portion of the highway in and through which such easement was to be acquired could only be determined by the owners of such lots, and the statute gives them ample time—three years after the appointment of commissioners—to determine that question, providing that, if they did not act within that time, they would not be permitted to act thereafter. Besides, if the omission of the lots from the map and failure to give notice to the lot owners of the contemplated improvement nullifies the proceeding, as to the owners of such lots, they have an adequate and enforceable remedy through a proper and appropriate action for redress. Those provisions of the statute providing for compensation, equitable and otherwise, to persons whose lands or an easement therein are taken or acquired, to which counsel for the respondents refers and seems to rely on in his contention, must be read in connection with and are subject to the requirement of section 19, and, when so read, do not become operative or have any validity or effect unless the claimant has presented his claim within three years after commissioners of appraisement have been appointed.

The order must be reversed, with $10 costs and disbursements, and the report of the commissioners of appraisal confirmed, with $10 costs. All concur.