Kenneth S. MacAefer, J.
This is an application by Murray Bruckman, claimant in this proceeding, for an order directing the Board of Water Supply of the City of New York to accept his claim and present the same to the Commissioners of Appraisal in accordance with title K41 (Water Supply Act), of the Administrative Code of the City of New York.
The Commissioners of Appraisal filed their oaths of office on June 2,1952. The claim is verified February 3, 1956. It is conceded that it was not filed within three years of the date of the acquisition of claimant’s property by the city on June 2, 1952. (Administrative Code of City of New York, §§ K41-11.0, K4118.0.) (Matter of Huie [Rollins], 204 Misc. 945.)
In avoidance of the bar of this Statute of Limitations, the claimant contends that the due process clauses of the Federal and State Constitutions have been violated and that the Statute of Limitations did not become effective. The argument is made that the provisions of the Water Supply Act for the giving of notice of the appropriation are ineffectual to set the Statute of Limitations in operation because such provisions do not adequately or actually give notice to the landowners involved of such appropriation.
The claimant here is the owner of a parcel of land of 119 acres lying under and on both sides of the Never sink River about 20 miles downstream from the Never sink Dam in Riparian Section No. 3, being Parcel No. 145. The property has a frontage on the river of about 1,000 feet. The property is presently unoccupied. The claimant resides in Queens County and visits the premises only on occasions of his visits to Sullivan County. He sets forth in his affidavit that he had no knowledge that he had any claim against the City of New York until December 27, 1955 for the appropriation. He alleges that no papers have ever-been served upon him and that neither published notice in the newspapers nor posted notice have ever come to his attention or been observed by him.
Initially the Board of Estimate of the City of New York receives a report from the Board of Water Supply of the proposal to acquire a source of water supply for the City of New York (§ K41-3.0, subd. a). Prior to the adoption of any such proposal the Board of Estimate holds a public hearing thereon, reasonable public notice of which is required to be given (§ K41 *710 3.0, subd. b). The court has not been informed as to the nature and extent of such reasonable public notice but it may be fairly assumed that such statutory requirements'have been followed, as the contrary has not been contended on this application. In addition to such reasonable public notice, eight days’ notice of the hearing is to be given in writing to the Board of Supervisors of the county where the real estate to be acquired is situated (§ K41-3.0, subd. b). The final map, plan or plans approved and adopted by the Board of Estimate pursuant to such hearing is executed in quadruplicate, one of which is filed with the Board of Estimate, one with the Board of Water Supply, one with the Commissioner of Water Supply, Gas and Electricity, all in the City of New York, and one quadruplicate or a certified copy is filed in the particular County Clerk’s office (§ K41-3.0, subd. c).
After the approval, adoption and filing of a final map or plans the Board of Water Supply must prepare and submit to the Board of Estimate six similar maps of the real estate to be acquired or affected, upon which maps the various parcels of the real estate to be acquired shall be laid out and separately numbered. On such maps the property division lines-existing at the time of the survey are to be delineated and the nature of the taking shown, whether in fee or by temporary or permanent easement. The real property is to be divided into sections and Commissioners of Appraisal are to be appointed for each section. The maps when adopted by the Board of Estimate are transmitted to the Corporation Counsel (§ K41-5.0). One of such maps is then required to be filed by the-Corporation. Counsel in the office of the Clerk of each county in which any real estate laid out on such map is located (§ K41-6.0).
After such maps have been filed as above indicated the Corporation Counsel makes application to a Special Term of the Supreme Court in the judicial district in which the lands or some part thereof are situated, for the appointment of Commissioners of Appraisal. The petition on such application is required to be verified and must set forth compliance with the sections above noted. It must also contain a general description of the - real estate affected and must make reference to the parcel numbers as set forth on the section map and the. particular interest in such parcel which is to be acquired (§ K41r7;0). .
Notice of the application for the appointment of the Commissioners of Appraisal must be given by the Corporation Counsel by publication, once in each week for six weeks.in. (a) the. City Record, (b) two public newspapers published in the City of New York and (c) two public newspapers published in each county where the real estate affected is located. In addition, *711 there are required to be posted 20 copies of such notice in the vicinity of the real estate so to be taken or affected. The statute prescribes that a very general statement of the real property may be set forth in such notices (§ K41-8.0).
Upon appointment on such application the Commissioners of Appraisal shall'forthwith subscribe and file their oaths of office in the office of the Clerk of each county where the real estate to be taken or affected is located ('§ K41-10.0). Title to the property or the interest therein to be acquired becomes vested in the City of New York on the filing of the oaths of the Commissioners of Appraisal (§ K41-11.0).
The statute then provides that all claims for damages for the acquisition of the real estate in fee or of an easement therein shall be exhibited and presented to the Commissioners of Appraisal within three years after title thereto shall have become vested in the City of New York (§ K41-18.0, subd. a). Claims not so exhibited and presented to the Commissioners of Appraisal within the three-year period are forever barred (§ K41-18.0).
No contention is made that compliance has not been had with the provisions of the statutes above referred to. The claimant here contends, however, that such provisions do not now fit the necessity of reasonable notice. The claimant argues that due to the increased population and the large increase of nonresident owners and in view of the pace of modern business life, such statutory provisions are no longer realistic as to notice. These provisions have been in effect since 1905 without change.
The claimant points out that under the Condemnation Law (§§ 5, 6) notice of condemnation must be served in the same manner as a summons under the Civil Practice Act and that when served by substituted service or publication a copy of such notice is required to be delivered or mailed to the residents of the property owner (Civ. Prac. Act, § 231; Rules Civ. Prac., rule 50) and that provision is made under that law for filing of notice of pendency of the proceeding in the County Clerk’s office (Condemnation Law, § 25). Claimant further points out that in condemnation by the State of New York a copy of the map of the taking must be served personally or by mail upon the owner (Court of Claims Act, § 10).
Nowhere in the Water Supply Act sections above noted is provision made for personal service or service by mail of notice of the acquisition by the city upon the owners of the real estate affected or to be taken in fe.e by the city. Notice of the appropriation is constructive in the purest sense.
*712 The test of the constitutionality- of the- provisions of: the Water Supply Act with respect to notice of the appropriations is stated by the Court of Appeals in Matter of City of New York (Grand Blvd.) (212 N. Y. 538) by Cardozo, J., at page 544: “ Before the citizen’s right to compensation can be cut off by such a statute of limitation, notice of the event on which the right depends must be brought home to him by the State. He cannot be charged with the duty of hunting out the facts for himself. The State is appropriating his property by proceedings in invitum, and it cannot shift upon him the burden of ascertaining that the proceedings are in motion. It must give, him notice reasonably adapted to bring their pendency to his attention.” . (Emphasis supplied.)
It has been held that personal service of such notice of appropriation is not necessary and that constructive notice by publication meets the test of constitutionality. (Rexford v. Knight, 11 N. Y. 308 ; Matter of City of Rochester, 102 App. Div. 181 ; Matter of Bessel, 163 App. Div. 537 ; City of Buffalo v. Hawks, 226 App. Div. 480, affd. 251 N. Y. 588 ; Matter of Huie, 204 Misc. 945, supra.)
The fact that actual, personal knowledge may not have been brought home to this individual claimant is not sufficient to brand constructive notice as unconstitutional. In fact for this court to so conclude would be contrary to established law. The application is denied, without costs.