MADELINE C. SCHROEDER, Appellant, v. CITY OF NEW YORK, Respondent.

Third Department, August 1, 1961.

*Krieger & Scheinman* (*Louis B. Scheinman* of counsel), for appellant.

*Charles H. Tenney,* Corporation Counsel (*Theodore. Lee, Seymour B. Quel* and *William A. Kaercher* of counsel), for respondent.

REYNOLDS, J. Appellant, riparian owner of a parcel of land on the Neversink River in Orange County, brought suit to enjoin respondent from diverting said river upstream from appellant's property. Respondent in 1952 commenced a proceeding to acquire the right to divert the river. In accordance with the provisions of section K41–8.0 of the Administrative Code of the City of New York, notice of the proposed diversion, properly listing the property affected was published each week for six weeks prior to the presentation of the petition in the *City Record,* two public newspapers published in the City of New York and two public newspapers published in the county in which the appellant's property was situated. In addition handbills were posted in at least 20 conspicuous places in the vicinity of the real estate affected. There is no requirement for written notice and none was sent. The statute bars claims not filed within three years from the filing of the oaths of the Commissioners of Appraisal (June 9, 1952) or within three years of the diversion (June 2, 1953). Appellant does not dispute that there has been compliance with the provisions of the Administrative Code but asserts that the notice requirements of section K41–8.0 are violative of section 6 of article I of the New York Constitution and Fifth and Fourteenth (§ 1) Amendments of the United States Constitution claiming that constructive notice is constitutionally inadequate. Constructive notice has long been upheld by the courts of this State in proceedings similar to the instant case (*Rexford* v. *Knight,* 11 N. Y. 308; *Benedict* v. *State of New York,* 120 N. Y. 228 [1890]; *Matter of City of Rochester* [*McLean*], 102 App. Div. 181 [4th Dept.]).

In the *City of Rochester* case it was stated that (pp. 186–187):

" As we have seen, personal notice was not served upon the owners of the premises, and we think such service was not necessary. The Legislature was competent to declare what notice would be sufficient. It has been held that a notice is sufficient if of a kind which it is reasonably probable would apprise the party proceeded against of the proceeding, and such as will give such party an opportunity to be heard. (*Matter of Union El. R. R. Co. of Brooklyn*, 112 N. Y. 61; *Matter of Mayor, etc., of City of New York*, 99 id. 570.)

" We think that under those authorities the notice prescribed by the act in question complied with the requirements of the Constitution."

Appellant urges that the Supreme Court opinion in *Walker* v. *Hutchinson City* (352 U. S. 112) decided in 1956 is determinative of the issues here presented. However the pertinent provisions of the Kansas statute in *Walker* are a far cry from those publication requirements in section K41–8.0. The Kansas statute also provided for an alternate notice in writing which is absent in the New York statute involved herein. Under section K41–18.0 appellant had three years from the filing of the oaths of the Commissioners or from the diversion, whichever was later, in which to file her claim. In our opinion the publications, posting and the patently visible effect of the diversion proceedings on the Neversink over a three-year period would constitute sufficient notice to meet the requirements of the New York and Federal Constitutions. We do not feel compelled to declare unconstitutional a statute which was enacted in 1905 and which has been consistently upheld by the courts. (Cf. *Matter of Huie [Neilson]*, 6 A D 2d 837; *Matter of Huie [Rollins]*, 204 Misc. 945; *Matter of Huie [Bruckman]*, 28 Misc 2d 708.)

The order and judgment should be affirmed.

BERGAN, P. J., and HERLIHY, J., concur with REYNOLDS, J.; GIBSON, J., concurs in the result.

Order and judgment affirmed, without costs.